IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RACHEL JONES                                                                                    PLAINTIFF

VS.                                       3:15-CV-00935-BRW

WILSON COUNTY, TENNESSEE and
TERRY DUNCAN                                                                                  DEFENDANTS

**ORDER**

Pending is Defendants' Motion for Summary Judgment (Doc. No. 18). Plaintiff has responded and Defendants have replied.[1] As set out below, the motion is GRANTED.

**I.    BACKGROUND**

Plaintiff was a probation office for Wilson County, Tennessee. In a September 5, 2014 letter, Plaintiff's supervisor, Defendant Terry Duncan, informed her that she was being terminated because he had "recently received a complaint from a public defender that [Plaintiff] testified during a court proceeding, speaking on behalf of a . . . counselor."[2] Specifically, Defendants contend that during a court hearing, Plaintiff was asked "whether a specific criminal defendant could attend a [drug and alcohol] counseling class provided by Ms. Chris Buchanan."[3] Plaintiff allegedly responded that Ms. Buchanan told her that particular defendant could not attend any of her classes. Ms. Buchanan later advised the defendant's lawyer that she never made such a statement, and the lawyer informed Plaintiff's supervisor. Plaintiff asserts that she never made a false statement to the judge.

---

[1] Doc. Nos. 25, 26, 29, 32.
[2] Doc. No. 1.
[3] Doc. No. 19.

Plaintiff filed this case alleging that Defendants "deprived [her] of her rights secured by the First Amendment" in violation of 42 U.S.C. § 1983 and Tennessee law.[4]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[5] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[6]

A court must view the facts in the light most favorable to the party opposing the motion[7] and may not "weigh the evidence and determine the truth of the matter . . . ."[8] The moving party must "identify portions of the record that demonstrate the absence of a genuine dispute over material facts."[9] It can do this "by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating 'an absence of evidence to support the nonmoving party's case.'"[10] If the moving party meets this burden, "the nonmoving party must 'make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[11] Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[12]

---

[4] Doc. No. 1.
[5] Fed. R. Civ. P. 56.
[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).
[7] *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007).
[8] *Anderson*, 477 U.S. at 249.
[9] *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).
[10] *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).
[11] *Id.*
[12] *Anderson*, 477 U.S. at 249.

## III. DISCUSSION

### A. First Amendment

Plaintiff's response focuses on how Defendants handled her termination, that they failed to investigate the allegations of false statements, and the fact that she claims she never said anything false during court. She contends that "open court, public, sworn testimony is always a matter of public concern by a citizen who is required to tell the truth even if done as part of her job."[13] She also refers to law about a citizen's obligation to speak truthfully in court for the betterment of a society as a whole. Finally, she asserts that she "never speaks up in court without being invited to by the judge or when asked a direct question by the judge. As such, her responses to the judge, in court and on the record, and any testimony she gives to a judge, is protected speech."[14] All of these arguments miss the point.

"For a public employee's statements to receive First Amendment protection, the public employee must speak 'as a citizen' and 'address[ ] matters of public concern.'"[15] "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."[16]

It is undisputed that Plaintiff was working in her capacity as probation officer (a public employee) when she made the allegedly statements to the court regarding a defendant's eligibility for counseling. Plaintiff's own affidavit concedes that responding to questions in court is one of her duties as a probation officer.[17] Based on the undisputed facts, Plaintiff was

---

[13] Doc. No. 25. However, the case she relies on relates to in-court testimony by a community college employee, who was not speaking in court as part of his job.
[14] Doc. No. 1.
[15] *Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, 605 F.3d 345, 348 (6th Cir. 2010).
[16] *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).
[17] Doc. No. 22-2 ("As part of my duties, if a judge asked me anything about one of my probationers, I answered the question to the best of my ability.").

not speaking as a citizen for First Amendment purposes, but rather as a public employee pursuant to her official duties. Accordingly, her claims under the First Amendment fail.

### B. Tennessee Code § 8–50–603

Tenn. Code Ann. § 8–50–603, which is known as the Public Employee Political Freedom Act, makes it unlawful for a public employer to discipline or discriminate against an employee because the "employee exercised that employee's right to communicate with an elected public official."[18] Plaintiff asserts that her termination violated this statute.

However, that law has no application to the facts in this case. The Tennessee Court of Appeals found that the purpose of the statute was to:

> insure free and uninhibited communication between persons employed in government and their respective elected officials . . . . [T]he purpose of the Act is to facilitate free and open communication between public employees and elected officials by deterring the public employer from taking discriminatory actions against an employee because of such communication.[19]

Even assuming that the statute did apply to this case, Plaintiff's claim would fail. Defendants did not terminate Plaintiff because she communicated with a public official by responding to his question; they terminated her because they believed she made false statements. Plaintiff has provided no evidence to the contrary.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment (Doc. No. 18) is GRANTED. Accordingly, this case is DISMISSED.

IT IS SO ORDERED this 26th day of April, 2017.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[18] Tenn. Code Ann. § 8–50–603
[19] *Pewitt v. Buford, C.A.*, No. 01A01-9501-CV-00025, 1995 WL 614327, at *5 (Tenn. Ct. App. Oct. 20, 1995).